FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 03, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREEK ISLANDS CUISINE, INC., a Washington corporation, NIKOS DANAKOS, and NICOLE DANAKOS,<br><br>Plaintiffs,<br><br>v.<br><br>YOURPEOPLE, INC., a Delaware corporation, KEYBANK NATIONAL ASSOCIATION, a national bank, and NEWCOURSE COMMUNICATIONS, INC.,<br><br>Defendants. | NO. 4:24-CV-5045-TOR<br><br>ORDER GRANTING IN PART DEFENDANT YOURPEOPLE INC.'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant YourPeople Inc., d/b/a Zenefits' Motion to Dismiss (ECF No. 20). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant YourPeople Inc., d/b/a Zenefits' Motion to Dismiss (ECF No. 20) is GRANTED in part.

ORDER GRANTING IN PART DEFENDANT YOURPEOPLE INC.'S
MOTION TO DISMISS ~ 1

# BACKGROUND

This matter arises out of alleged identity theft resulting in the loss of $432,500 from a business bank account. Plaintiff Greek Islands Cuisine, Inc. ("Greek Islands") is a restaurant and catering business in Richland, Washington, owned by Plaintiffs Nikos and Art Danakos. ECF No. 7 at 5, ¶ 4.1. Plaintiffs maintained a business bank account for Greek Islands with KeyBank National Association in Kennewick, Washington. *Id*., ¶ 4.2. On June 7, 2022, Plaintiffs learned that the bank account they maintained with KeyBank had been compromised, resulting in the loss of $432,500 stemming from transactions between May 24 and June 3, 2022. *Id*. at 6, ¶ 4.3.

A third party obtained sensitive account information from a data breach of Newcourse Communications, Inc. ("Newcourse"), a company that provides mailing services to financial institutions, including HomeStreet Bank where Mr. Nikos and Mrs. Nicole Danakos held personal banking accounts. *Id*. at 17–18, ¶ 4.22. Newcourse alerted Plaintiffs on September 7, 2022, that it had discovered a data breach occurring sometime between April 27 and May 3, 2022, whereby the third party accessed account holder's full names, account numbers, and possibly mortgage statements which include the last four digits of Plaintiffs' social security numbers and address. *Id*. at 18, ¶ 4.23. Plaintiffs contend that the thieves then used the personal information obtained to pose as Mr. Danakos and commandeer

ORDER GRANTING IN PART DEFENDANT YOURPEOPLE INC.'S
MOTION TO DISMISS ~ 2

Greek Islands' bank account with KeyBank by opening a payroll services account with YourPeople, Inc, a web-based human resources and payroll-services provider that does business as "Zenefits." *Id*. at 3, ¶ 2.4.  As part of the process of opening the fraudulent payroll account, Zenefits sent a series of "microdeposits," to Greek Islands' KeyBank checking account on May 18, 2022, which were refunded to Zenefits on May 24, 2022. *Id*. at 7–8, ¶ 4.7.  Additionally, Zenefits reviewed a fraudulent driver's license that was attributed to Mr. Danakos, but Plaintiffs contend that a bulk of the information contained was incorrect including: Mr. Danakos' middle name, photo, signature, issue date, address, and license number. *Id*.  Zenefits completed the onboarding process from Greek Islands on May 25, 2022, and processed a "payroll" file submitted by the third party to establish direct deposit transactions.  *Id*.  Zenefits' service agreement contains a section on the steps the company undertakes to ensure the user's qualification to access payroll services and reads in part:

> These processes include validating your business's identity, evaluating the financial risk of providing Payroll Services to you, searching various government or regulatory databases including the Office of Foreign Asset Control Sanctions List and database, requesting a deposit from you, and any other processes we, at our sole discretion, deem necessary to qualify you to use or continue to use Payroll Services.

*Id*. at 10, ¶ 4.11.

And the agreement provides that Zenefits participation in the transaction is

ORDER GRANTING IN PART DEFENDANT YOURPEOPLE INC.'S
MOTION TO DISMISS ~ 3

limited to that of:

> [A] third party who transmits, on your behalf, your request that (I) The partner bank initiate an ACH debit entry to withdraw funds from company account and (II) The partner bank make payment to payees within four (4) business days after you provide such request [sic].

*Id*. at 11.

On May 31, 2022, Zenefits submitted a payroll file to KeyBank. *Id*. At the time of onboarding the new payroll account, Greek Islands had one listed employee on payroll, but by June 3, 2022, Zenefits received an alert that 150 contingent workers were listed on the payroll transaction. *Id*., ¶ 4.8. Plaintiffs contend that Zenefits should have been concerned, as the payroll was to be disbursed to prepaid debit cards and duplicate social security numbers existed in the identification of employees supposedly receiving pay. *Id*. However, the direct deposit from Greek Islands' account processed on June 3, 2022, in the amount of $232,500 and $200,000, totaling a loss of $432,500. *Id*. at 8–9. Plaintiffs contend that Zenefits attempted to return $6,000 to Greek Islands' account on June 7, 2022, but then allowed additional unauthorized debits on June 22 and July 20, 2022. *Id*. at 15, ¶ 4.18. Plaintiffs discovered the loss of the $432,500 on June 7, 2022, when KeyBank called Mr. Danakos to inquire if he had ever written a fraudulent check associated with Greek Islands. *Id*. at 13, ¶ 4.15. After the conversation, Mr. Danakos checked the Greek Islands' online banking portal with KeyBank and

ORDER GRANTING IN PART DEFENDANT YOURPEOPLE INC.'S
MOTION TO DISMISS ~ 4

discovered the missing $432,500. *Id*.

Plaintiffs Greek Islands, Nikos Danakos, and Nicole Danakos brought this lawsuit against Defendants Newcourse, Zenefits, and KeyBank. Defendant Zenefits filed this Motion to Dismiss Plaintiff Greek Islands' claims of conversion, negligence, and violation of the Washington Consumer Protection Act. ECF No. 20 at 6–7. Plaintiff Greek Islands alone brings these claims against Zenefits, and has responded to the Motion to Dismiss, arguing that each claim satisfies the Federal Rule of Civil Procedure 12(b)(6) standard. ECF No. 33. Greek Islands argues that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2), as Zenefits is a Delaware Corporation with a principal place of business in California. ECF No. 7 at 4, ¶ 3.2. Greek Islands in turn is a Washington corporation with a principal place of business in Washington. *Id*. at 2, ¶ 2.1.

## DISCUSSION

### I.    Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A motion to dismiss for failure to state a

ORDER GRANTING IN PART DEFENDANT YOURPEOPLE INC.'S MOTION TO DISMISS ~ 5

1  claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250

2  F.3d 729, 732 (9th Cir. 2001). While the plaintiff's "allegations of material fact

3  are taken as true and construed in the light most favorable to the plaintiff" the

4  plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences

5  ... to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec.*

6  *Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is,

7  the plaintiff must provide "more than labels and conclusions, and a formulaic

8  recitation of the elements." *Twombly*, 550 U.S. at 555. Instead, a plaintiff must

9  show "factual content that allows the court to draw the reasonable inference that

10 the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. 662. A claim

11 may be dismissed only if "it appears beyond doubt that the plaintiff can prove no

12 set of facts in support of his claim which would entitle him to relief." *Navarro*,

13 250 F.3d at 732.

14  **II.    Conversion**

15      Greek Islands asserts a claim of conversion against Zenefits under

16 Washington common law, arguing that it was deprived of the $432,500 from its

17 bank account with KeyBank because of actions that Zenefits undertook. ECF No.

18 33 at 9. A federal court sitting in diversity jurisdiction applies federal procedural

19 law and the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304

20 U.S. 64, 78 (1938). In Washington, conversion amounts to "(1) willful

1 interference with chattel belonging to the plaintiff, (2) by either taking or unlawful
2 retention, and (3) thereby depriving the owner of possession." *Burton v. City of*
3 *Spokane*, 16 Wash. App. 2d 769, 773 (2021).  While wrongful intent is not an
4 element of conversion, and good faith is not a defense, a plaintiff must still show,
5 "some affirmative wrongful act by the defendant, either an actual conversion by
6 the defendant or a demand for, and a refusal of, the property where this is relied on
7 to establish the conversion." *Schneider Nat'l Carriers, Inc. v. Fireworks Nw.*,
8 LLC, No. C15-0747, 2017 WL 1438035, at *2 (W.D. Wash. Apr. 24, 2017)
9 (quoting 90 C.J.S. *Trover and Conversion* § 95 (2017)).

10    Defendant Zenefits argues that Plaintiff's conversion claim fails as a matter
11 of law because the money in Greek Islands' compromised bank account was the
12 property of KeyBank at the time of theft.  ECF No. 20 at 11.  Though true that the
13 money metaphorically "held" in bank accounts generally cannot be the subject of a
14 conversion claim because the account holder typically lacks an expressed property
15 interest in the funds, *Reliance Ins. Co. v. U.S. Bank of Washington*, N.A., 143 F.3d
16 502, 506 (9th Cir. 1998), Washington courts have held money may be considered
17 chattel if the defendant "wrongfully received" the money or "was under obligation
18 to return the specific money to the party claiming it." *Davenport v. Washington*
19 *Educ. Ass'n*, 147 Wash. App. 704, 722 (2008); *Pub. Util. Dist. No. 1 of Lewis Cnty.*
20 *v. Washington Pub. Power Supply Sys.,* 104 Wash. 2d 353, 378 (1985).  And

ORDER GRANTING IN PART DEFENDANT YOURPEOPLE INC.'S
MOTION TO DISMISS ~ 7

money fraudulently deposited and then transferred from one bank account to another may be recoverable under a theory of conversion. *See Brown ex rel. Richards v. Brown*, 157 Wash. App. 803, 818–19 (2010) (finding dismissal of a conversion claim improper where a son obtained funds from a reverse mortgage on behalf of his 93-year-old mother and fraudulently transferred the money to personal bank accounts).

The exchanges described in the matter at hand are distinguishable from the cases cited by Defendant Zenefits, as here the $432,500 stolen out of Greek Islands' account was representative of funds it had deposited on its own behalf, rather than funds that had been deposited by a third party seeking to recover those funds. *See Peters v. Sjoholm, 95 Wash*. 2d 871, 875 (1981) (finding that, for purposes of the Fourth Amendment privacy interests, a depositor does not exert a possessory or ownership interest in the funds, but holding "the depositor does have an ownership interest in the indebtedness created by the deposit"); *McClain v. 1st Sec. Bank of Washington*, 192 Wash. App. 1063 (2016) (determining that the plaintiff never had a legitimate interest in the money fraudulently deposited into his account because "money in a bank account does not constitute 'chattel' for purposes of conversion under these circumstances"). Further,

> There is nothing in the nature of money making it an improper subject of [conversion] so long as it is capable of being identified, as when delivered at one time, by one act and in one mass, or when the deposit is special and the identical money is to be kept for the party making the

ORDER GRANTING IN PART DEFENDANT YOURPEOPLE INC.'S MOTION TO DISMISS ~ 8

deposit, or when wrongful possession of such property is obtained. *Westview Invs., Ltd. v. U.S. Bank Nat. Ass'n*, 133 Wash. App. 835, 852 (2006) (internal citation omitted).

Accepting all allegations as true, Greek Islands has stated a plausible claim for conversion. While Courts in Washington have stated that bank accounts cannot be the target of a conversion claim, the full holding is modified with the word "generally." *See Reliance Ins. Co.*, 143 F.3d at 506. Caselaw discusses that it is the intangible nature of the money deposited into a bank account, coupled with the transfer of property interest from the depositor to the bank, that make it an improper vessel to be considered chattel. *Lemelson v. Wells Fargo Bank, N.A.*, 641 F. Supp. 3d 1005, 1015 (W.D. Wash. 2022) (finding no claim for conversion where a bank made deposits to third parties after plaintiff instructed them to close her account). Bank account aside, the Complaint sets forth adequate facts to satisfy each element of conversion: through the operation of its payroll system, Zenefits received $432,500 from the Greek Islands KeyBank account without the restaurant's permission and distributed the funds to untraceable disposable debit cards. And as discussed above, unlike much of the ill-gotten gains discussed in Washington caselaw, the money in Greek Islands' account was its own, not fraudulently obtained, and with no prior directive to make payments to third parties. The money withdrawn by Zenefits is capable of being identified as

ORDER GRANTING IN PART DEFENDANT YOURPEOPLE INC.'S MOTION TO DISMISS ~ 9

delivered by the transactions and might even be described as a "special deposit," as it was set aside for a fraudulent payroll payment set up through the company's file submitted with KeyBank and was passed through Zenefits. *Westview Invs., Ltd.*, 133 Wash. App. at 852. For the purposes of the Motion to Dismiss standard, the Court finds the facts as set forth sufficient to establish the possibility that Zenefits may be liable for conversion.

### III. Negligence

Zenefits next argues that it owed no duty to Greek Islands because the two entities had no relationship, evidenced by the fact that the real Greek Islands had no idea the payroll transactions were occurring. ECF No. 20 at 12. The elements of the tort of negligence are duty, breach, causation, and damage or injury. *Hartley v. State*, 103 Wash. 2d 768, 777 (1985). Washington law requires that the breach be the proximate cause of the injury, meaning that it is both the cause in fact and the legal cause. *Id.* (internal citation omitted). In general, common law does not impose a duty onto a private person to protect others from the criminal activity of a third party. *Nivens v. 7–11 Hoagy's Corner*, 133 Wash.2d 192, 199 (1997) (quoting *Hutchins v. 1001 Fourth Ave. Assocs.,* 116 Wash.2d 217, 223 (1991)). However, Washington law has recognized the duty to protect from third party criminal activity in two situations: where there is a special relationship with the victim or where there is a special relationship with the criminal. *Tae Kim v.*

*Budget Rent A Car Sys., Inc.,* 143 Wash.2d 190, 195 (2001).

Zenefits and the real Greek Islands have no relationship of any kind, and thus a duty does not arise out of a special relationship between the two entities. However, Zenefits may have a special relationship with the criminal thieves that gives rise to a duty to protect Greek Islands' bank account from fraudulent activity. In *Bernethy v. Walt Failor's, Inc*., 97 Wash. 2d 929, 932 (1982), the Washington Supreme Court found that a gun shop owed a duty to a decedent when it provided a gun to her visibly intoxicated estranged husband, which he immediately used to shoot and kill her.  The Court found that because the defendant walked into the shop after soiling his pants, staggered to the counter, and left without tendering payment, the clerk should have recognized the danger of the situation, and not supplied the gun to an individual who would likely use it in a way that would place others at an unreasonable risk of harm. *Id*.  While the court in *Bernethy* based its finding of duty in part on Restatement (Second) of Torts § 390 (1965), dealing with supplying dangerous chattel to individuals, the idea that Zenefits should have been more discerning before opening a payroll account is similar to the facts as discussed there.  Zenefits argues that requiring it to "know" that the thieves were using a fake driver's license or that payment to disposable debit cards as hallmarks for malfeasance would require it to be "omniscient." ECF No. 44 at 6.  However, that is not a complete picture of evidence as presented.  Had the drivers license

been a near perfect match to Mr. Danakos's real license or had Greek Islands routinely distributed payroll to 150 individuals, then perhaps Zenefits would have a better argument that it simply could not discern that the individuals opening the account were impersonating the owner of Greek Islands. Instead, like the clerk in *Berenthy,* Zenefits was presented with opportunities to verify that the information it was receiving was correct by confirming that Mr. Danakos' middle name and address were depicted correctly on the license as associated with the bank account it was accessing, and it failed to do so. ECF No. 7 at 8, ¶ 4.7. Indeed, Greek Islands contends that Zenefits received an alert that payroll distribution had increased from one individual to 150 for a locally owned food service establishment, and yet did nothing to verify that activity was proper. *Id.*, ¶ 4.8. Like handing a gun to an intoxicated individual, by gaining access to bank accounts as part of its business model, Zenefits operates in a space that may cause catastrophic harm if reasonable care is not exercised.

Additionally, Greek Islands posits that Zenefits inaction gives rise to a duty because it created a situation of peril for the restaurant's bank account. ECF No. 33 at 12. "An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal." Restatement (Second) of Torts § 302B (1965). However,

ORDER GRANTING IN PART DEFENDANT YOURPEOPLE INC.'S
MOTION TO DISMISS ~ 12

Washington courts have been wary to extend the Restatement language involving situations of peril created by a defendant, finding the language risks being too broad of an impact and creating the type of omniscient duty that Zenefits discusses. *Robb v. City of Seattle*, 176 Wash. 2d 427, 433 (2013) (internal citations omitted); *see also Kim v. Budget Rent A Car Sys., Inc.*, 143 Wash. 2d 190, 196 (2001), *as amended* (Jan. 31, 2001) ("This section does not support imposition of a duty in this case.  As comment (e) to the section explains, a duty to guard against third party conduct may exist where there is a special relationship to the one suffering the harm, or 'where the actor's own affirmative act has created or exposed the other to a recognizable high degree of risk of harm through such misconduct, which a reasonable [person] would take into account.' . . . There is nothing in the facts of this case indicating that a high degree of risk of harm to plaintiff was created by Budget's conduct of leaving the keys in the ignition of an automobile in an area where Budget had never had a prior car theft.").  Washington courts have recognized that this duty may be implemented when a risk of harm is recognizable, and a reasonable person would have taken the risk into account. *Parrilla v. King Cnty.*, 138 Wash. App. 427, 437 (2007).  But a duty to protect against a high degree of risk of harm created by the defendant has still only been extended to affirmative acts. *Id*. at 438 ("In the present case, it is an affirmative act, rather than a failure to act, that is at issue.  The bus driver affirmatively acted by leaving

Carpenter alone on board the bus with its engine running.").

Zenefits argues that its inaction in defending against the fraud cannot give rise to liability, because the core of Greek Islands' argument discusses actions the payroll service provider did not undertake, amounting to non-feasance. ECF No. 20 at 13. It also posits that its conduct cannot give rise to a duty because the red flags Greek Islands describes, like the prepaid debit cards, would not be reasonably recognizable as fraud. ECF No. 44 at 6. Greek Islands argues that Zenefits took on a role of misfeasance through its transmission of electronic payment to the identity thieves, which would not have been made possible without its participation. ECF No. 33 at 13–14. The Court is not persuaded in either direction. On the one hand, applying a duty of care based on a creation of risk would place Zenefits' business model in a position to owe a heightened duty to each bank account it creates payroll services for, as the only affirmative actions it took were establishing a file with the KeyBank bank account and distributing the funds by prepaid debit cards. On the other hand, by its own terms of service Zenefits states that it will "validate your business' identity," in establishing payroll services, and its failure to perform this duty created a situation of peril for Greek Islands' bank account and resulted in Zenefits transmitting $432,500 to a criminal third party. Regardless of the theory of duty, Greek Islands has established a plausible question of fact and dismissal of its negligence claim is improper.

ORDER GRANTING IN PART DEFENDANT YOURPEOPLE INC.'S
MOTION TO DISMISS ~ 14

### IV. Washington Consumer Protection Act

Finally, Zenefits argues that Greek Islands cannot sustain a Washington Consumer Protection Act ("CPA") claim because it fails to demonstrate a public interest impact. ECF No. 20 at 17. The Washington Consumer Protection Act ("CPA") prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. "Any person who is injured in his or her business or property by a violation of RCW 19.86.020 ... may bring a civil action" to recover actual damages. RCW 19.86.090. A *per se* violation of the CPA requires a violation of statute which contains a specific legislative declaration of public interest impact. *Haner v. Quincy Farm Chemicals, Inc.*, 97 Wash. 2d 753, 762 (1982). Absent a relevant statute, a plaintiff must show a public impact through satisfying elements of the relevant judicially created test. *Id*. The plaintiff need not have a contractual or non-adversarial relationship with the defendant to establish a non-*per se* CPA claim. *Panag v. Farmers Ins. Co. of Washington*, 166 Wash. 2d 27, 41-42 (2009). Because Greek Islands' claim does not include a violation of a statute, it is claiming a non-*per se* violation of the CPA.

To prevail on a non-*per se* CPA claim, "the plaintiff must prove an (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest

ORDER GRANTING IN PART DEFENDANT YOURPEOPLE INC.'S
MOTION TO DISMISS ~ 15

impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Klem v Washington Mut. Bank*, 176 Wash. 2d 771, 782 (2013) (quoting *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 780 (1986)).  Here, Zenefits only moves to dismiss Greek Islands' CPA claim on the basis of the third element.  ECF No. 20 at 17.

To establish a public impact when the nature of the dispute is a consumer transaction, a plaintiff must demonstrate: (1) that the alleged acts were committed in the course of defendant's business (2) that the acts are part of a pattern or generalized course of conduct (3) that defendant repeated acts committed prior to the act involving plaintiff (4) that there is a real and substantial potential for repetition of defendant's conduct after the act involving plaintiff and (5) that if the act complained of involved a single transaction, many consumers were affected or will likely be affected by it. *Hangman Ridge Training Stables, Inc.*, 105 Wash. 2d at 790.  When a dispute is private in nature, to show a public interest impact, a plaintiff must demonstrate: (1) that the alleged acts were committed in the course of defendant's business (2) that the defendant advertise to the public in general (3) that the defendant actively solicited the plaintiff, indicating potential solicitation of others and (4) that the plaintiff and defendant occupy unequal bargaining positions. *Id*. at 790–91.  While the factors need not all be present, they are helpful as an indicium of an effect on public interest that may indicate a public impact. *Id*.  A

ORDER GRANTING IN PART DEFENDANT YOURPEOPLE INC.'S MOTION TO DISMISS ~ 16

claim for a violation of the CPA in a private dispute may be more difficult to demonstrate a public interest because the impact must reach beyond the parties involved. *Id.* at 790; *see also Lightfoot v. MacDonald*, 86 Wash. 2d 331, 333 (1976), *disapproved of by Rounds v. Union Bankers Ins. Co.*, 22 Wash. App. 613, 590 P.2d 1286 (1979) ("It is the obvious purpose of the Consumer Protection Act to protect the public from acts or practices which are injurious to consumers and not to provide an additional remedy for private wrongs which do not affect the public generally.").

The parties disagree on the standard to apply. In its Motion to Dismiss, Zenefits utilized the commercial transaction standard, and argued that Greek Islands had failed to show that Zenefits conduct was "part of a pattern or generalized course of conduct," or that there were "repeated acts committed," separate from the at issue transactions. ECF No. 20 at 18–19. Zenefits alleges that this incident is isolated, and therefore the consequences of fraudulent transactions are confined to this instance and cannot have a public impact. ECF No. 44 at 14. Greek Islands in turn asserts that the nature of the dispute was private, but seems to rehash the facts as stated without meaningfully dealing with the test and at times utilizes factors from the commercial transaction test. It argues that without knowledge that Zenefits opened a payroll account associated with KeyBank, it had no bargaining power, but does not address any of the other factors. ECF No. 33 at

18. Ultimately, Greek Islands argues that a public impact may be attributed to this matter because the Amended Complaint alleges that this is not the first instance of fraudulent payroll activity that Zenefits has come across, and that other accounts could be affected by Zenefits' failure to vet applications for service. *Id*. at 20.

However, Greek Islands does not assert that Zenefits has previously allowed theft through fraudulent activity, rather that it has "experienced fraudulent actors submitting stolen information to fund one or more payroll transaction using Zenefits system." ECF No 7 at 9, ¶ 4.10. "In a private action, a plaintiff can establish that the lawsuit would serve the public interest by showing a likelihood that other plaintiffs have been or will be injured in the same fashion." *Trujillo v. Nw. Tr. Servs., Inc.*, 183 Wash. 2d 820, 835 (2015). While each of the factors in the test are helpful, a plaintiff need not establish all of them and none are dispositive when looking at public impact for purposes of the CPA. *Michael v. Mosquera-Lacy*, 165 Wash. 2d 595, 605 (2009). Greek Islands contends that Zenefits is aware of the risk of fraud, but not that theft was accomplished as a result of a breakdown in the vetting process for any other business or personal bank account that Zenefits has accessed for payroll purposes. Further the Amended Complaint and Response to Zenefits Motion to Dismiss makes conclusory allegations that there is a substantial risk that this type of fraud will occur again. ECF No. 33 at 19. As a result, Greek Islands has failed to

ORDER GRANTING IN PART DEFENDANT YOURPEOPLE INC.'S
MOTION TO DISMISS ~ 18

demonstrate that poor security extends beyond this one instance of fraud, and its CPA claim against Zenefits is dismissed. However, amendment in this instance would not be futile, and thus the Court grants leave to amend Greek Islands' CPA claim. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (holding that district courts should "grant leave to amend even if no request to amend the pleading was made, unless . . . the pleading could not possibly be cured by the allegations of other facts").

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant YourPeople Inc. d/b/d Zenefits' Motion to Dismiss (ECF No. 20) is **GRANTED in part**.

2. Plaintiff Greek Islands, Inc. may amend their Washington Consumer Protection Act claim within **14 days** of this Order.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED September 3, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART DEFENDANT YOURPEOPLE INC.'S MOTION TO DISMISS ~ 19