1

2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 06, 2025

SEAN F. McAVOY, CLERK

3

4

5

6

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

13

14

| | |
|---|---|
| GREEK ISLANDS CUISINE, INC., a Washington corporation, NIKOS DANAKOS, and NICOLE DANAKOS,<br><br>                          Plaintiffs,<br><br>      v.<br><br>YOURPEOPLE, INC., a foreign profit corporation, and NEWCOURSE COMMUNICATIONS, INC., a foreign profit corporation,<br><br>                          Defendants. | NO. 4:24-CV-5045-TOR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT YOURPEOPLE INC.'S MOTION TO DISMISS |

15    BEFORE THE COURT is Defendant YourPeople Inc., d/b/a Zenefits'

16    Motion to Dismiss (ECF No. 54).  This matter was submitted for consideration

17    without oral argument.  The Court has reviewed the record and files herein and is

18    fully informed.  For the reasons discussed below, Defendant YourPeople Inc., d/b/a

19    Zenefits' Motion to Dismiss (ECF No. 54) is GRANTED in part and DENIED in

20    part.

**BACKGROUND**

This matter arises out of alleged identity theft resulting in the loss of $432,500 from Plaintiffs' business bank account.  Plaintiff Greek Islands Cuisine ("Greek Islands") is a restaurant located in Richland, Washington and owned in part by Plaintiffs Nikos and Nicole Danakos.  ECF No. 52 at 2, 5 ¶¶ 2.1, 4.1.  Greek Islands maintains a business bank account at KeyBank National Association ("KeyBank"), at its branch in Kennewick, Washington.  *Id*. at 6, ¶ 4.2.  On June 7, 2022, Plaintiffs learned that the KeyBank account had been compromised, resulting in the loss of $432,500 from transactions between May 24 and June 3, 2022.  *Id*. at 6, ¶ 4.3.  This was accomplished, in part Plaintiff Greek Islands argues, through the opening of a payroll services account within the KeyBank account through YourPeople, Inc, a web-based human resources and payroll-services provider that does business as "Zenefits."  *Id*. at 7, ¶ 4.5.

The Court incorporates by reference the factual summary in its Order Granting in Part Defendant YourPeople Inc.'s Motion to Dismiss, ECF No. 48.  In that Order, the Court permitted Plaintiff Greek Islands to amend its Complaint with respect to its Washington Consumer Protection Act claim against Zenefits.  The Third Amended Complaint contains much of the same factual background, but with the additional allegation that other accounts have experienced similar harm that befell Greek Islands' bank account, by way of a specific example.  ECF No.

52 at 10, ¶ 4.10.  Defendant Zenefits renews its Motion to Dismiss Greek Island's

claims for conversion, negligence, and the Washington Consumer Protection Act.

ECF No. 54.

## DISCUSSION

### I.    Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may

move to dismiss the complaint for "failure to state a claim upon which relief can be

granted." A 12(b)(6) motion will be denied if the plaintiff alleges "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.

Twombly,* 550 U.S. 544, 570 (2007)).  A motion to dismiss for failure to state a

claim "tests the legal sufficiency" of the plaintiff's claims.  *Navarro v. Block*, 250

F.3d 729, 732 (9th Cir. 2001).  While the plaintiff's "allegations of material fact

are taken as true and construed in the light most favorable to the plaintiff" the

plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences

... to defeat a motion to dismiss for failure to state a claim."  *In re Stac Elecs. Sec.

Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).  That is,

the plaintiff must provide "more than labels and conclusions, and a formulaic

recitation of the elements."  *Twombly*, 550 U.S. at 555.  Instead, a plaintiff must

show "factual content that allows the court to draw the reasonable inference that

1   the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. 662.  A claim

2   may be dismissed only if "it appears beyond doubt that the plaintiff can prove no

3   set of facts in support of his claim which would entitle him to relief." *Navarro*,

4   250 F.3d at 732.

5   **II.     Conversion**

6          As was discussed in the previous Order, conversion is the "(1) willful

7   interference with chattel belonging to the plaintiff, (2) by either taking or unlawful

8   retention, and (3) thereby depriving the owner of possession." *Burton v. City of*

9   *Spokane*, 16 Wash. App. 2d 769, 773 (2021).  In order to assert a claim for

10  conversion, a plaintiff must have either a possessory or other "property interest" in

11  the chattel.  *Davenport v. Washington Educ. Ass'n*, 147 Wn. App. 704, 722 (2008);

12  *Deol v. Prehar*, 9 Wn. App. 2d 1021 (2019).  In Washington, money may be the

13  subject of conversion only if the defendant wrongfully received the money, or if

14  the defendant had an obligation to return the money to the plaintiff.  *Pub. Util.*

15  *Dist. No. 1 of Lewis Cnty. v. Washington Pub. Power Supply Sys*., 104 Wash. 2d

16  353, 378 (1985).  Here, Plaintiff Greek Islands has plausibly stated a claim that

17  Defendant Zenefits wrongfully received a specific and identifiable sum of money

18  from its KeyBank account, and then transferred it to prepaid debit cards.  ECF No.

19  52 at 9, ¶ 4.8.

20         However, both in its initial Motion to Dismiss and now, Defendant Zenefits

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
YOURPEOPLE INC.'S MOTION TO DISMISS ~ 4

argues that Plaintiff Greek Islands cannot assert a claim for conversion because the restaurant did not have a property interest in the withdrawal of the $432,500. ECF No. 54 at 9–10. Because conversion involves the taking and carrying away of something *tangible*, "bank accounts generally cannot be the subject of conversion, because they are not specific money, but only an acknowledgment by the bank of a debt to its depositor." *Reliance Ins. Co. v. U.S. Bank of Wash*., N.A., 143 F.3d 502, 506 (9th Cir. 1998).[1] To be sure, "[o]nce money is deposited in [a] general

-----

[1] The Court is perplexed by Defendant Zenefits' vexation over its characterization of money in a bank account as intangible, as that seems to be the crux of this line of reasoning and the basis for its argument that Greek Islands did not have a property interest in the funds taken. In *Reliance Ins. Co. v. U.S. Bank of Washington, N.A*., 143 F.3d 502, 506 (9th Cir. 1998), a case on which Defendant Zenefits relies, explicitly states, "[i]t is of course a mere metaphor to speak of 'the money in the bank account.' In fact, the bank received a wire transfer from the government, and entered a notation in its books acknowledging a debt from itself to the contractor for the amount of the transfer. The 'money in the bank account' was nothing but an acknowledgment of indebtedness from the bank to its depositor." If this case were about the theft of $432,500 in $1 bills, this would be an entirely different analysis. But it is the amorphous nature of the money in a

1   bank account, title to the money passes to the bank, and the bank and the depositor

2   assume the relationship of debtor and creditor, respectively." *Peters v. Sjoholm*, 95

3   Wash.2d 871, 875 (1981).  However, the depositor does retain an ownership

4   interest in the indebtedness created by the deposit.  *Id.*

5       Under *Sjoholm*, Plaintiff Greek Islands maintains an ownership interest, but

6   not a property interest in the debt-based relationship it created when it opened its

7   account with KeyBank.  As discussed above, the Washington standard reflects that

8   in order to successfully claim conversion, a plaintiff must have "some property

9   interest in the goods allegedly converted."  *Reliable Credit Ass'n, Inc. v.*

10  *Progressive Direct Ins. Co*., 171 Wn. App. 630, 643 (2012) (internal citation

11  omitted).  But because Greek Islands does not maintain any interest in the funds

12  themselves, rather an interest in the debt, the Court dismisses its claim for

13  conversion against Defendant Zenefits.

14  **III.   Negligence**

15      The Court modifies its negligence analysis to the extent that it finds greater

16  support for the contention that Defendant Zenefits committed an affirmative act in

17  its action establishing a payroll account with Keybank and seeks to clarify its

18  _____

19  bank account, debt-based relationship created with a deposit, that is the basis for

20  the intangible nature of a checking account balance.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
YOURPEOPLE INC.'S MOTION TO DISMISS ~ 6

1    holding regarding a special relationship.  As previously stated, with respect to the

2    elements of negligence, common law does not impose a duty onto a private person

3    to protect others from the criminal activity of a third party.  *Nivens v. 7–11*

4    *Hoagy's Corner*, 133 Wash.2d 192, 199 (1997) (quoting *Hutchins v. 1001 Fourth*

5    *Ave. Assocs*., 116 Wash.2d 217, 223 (1991)).  However, Washington law has

6    recognized the duty to protect from third party criminal activity in two situations:

7    where there is a special relationship with the victim or where there is a special

8    relationship with the criminal.  *Tae Kim v. Budget Rent A Car Sys., Inc*., 143

9    Wash.2d 190, 195 (2001).  Additionally, a defendant may be liable in limited

10    circumstances where an affirmative act undertaken by the defendant creates a

11    recognizable high degree of risk of harm.  *Robb v. City of Seattle*, 176 Wn.2d 427,

12    433 (2013) (quoting Restatement (Second) of Torts § 302B (1965)).

13        Defendant Zenefits is correct that the Court did not fully flesh out the

14    premise for which the alleged duty arises to Plaintiff Greek Islands and seeks to

15    clear confusion here.  In Washington, courts have held that a special duty can arise

16    between a business and an invitee, because "the invitee enters the business premise

17    for the economic benefit of the business."  *Nivens*, 133 Wash.2d at 202; *see also*

18    *Passovoy v. Nordstrom*, Inc., 52 Wn. App. 166, 174 (1988) (finding a duty to warn

19    patrons about a fleeing shoplifter).  In the interim between ruling on the first

20    Motion to Dismiss and the current dispute, the court in *Scott v. Amazon.com, Inc*.,

559 P.3d 528, 541 (Wash. Ct. App. 2024) rejected that such a special relationship

exists between patrons and those who "enter" websites, as they are not actually

entering a physical premise. *Id*., n.15. With that in mind, the Court cannot find

that a special relationship existed between Defendant Zenefits, the criminal third

party, or Plaintiff Greek Islands, as the facts of this case do not comport with the

traditional understanding of a special relationship in a business to customer

context.

However, the Court finds that Zenefits action of opening a payroll account

within Greek Islands' KeyBank account could be described as an affirmative act,

and thus the negligence claim survives dismissal. Washington courts have held

that "a duty to guard against a third party's foreseeable criminal conduct exists

where an actor's own affirmative act has created or exposed another to a

recognizable high degree of risk of harm through such misconduct, which a

reasonable person would have taken into account." *Parrilla v. King Cty.*, 138

Wn.App. 427, 439 (2007). Put differently, absent a special relationship, a duty

may only arise when an actor commits misfeasance, an affirmative act which

creates a situation of peril for another. *Robb*, 176 Wn.2d at 436. Here, it may be

foreseeable that accessing a bank account without performing a verification that

the information provided is correct and then transmitting funds from that account

would result in harm, and therefore constitutes misfeasance rather than

1   nonfeasance.  *See Buckley v. Santander Consumer USA, Inc*., C17-5813 BHS,

2   2018 WL 1532671, at *5 (W.D. Wash. Mar. 29, 2018) (finding that transmitting

3   sensitive information to an unauthorized third party is an affirmative act that may

4   cause harm); *see Krefting v. Kaye-Smith Enterprises Inc*., 2:23-CV-220, 2023 WL

5   4846850, at *5 (W.D. Wash. July 28, 2023).

6         Moreover, Defendant Zenefits argues that even if the Court finds an

7   affirmative act, it still cannot be held liable because the action was neither the

8   creation of a new risk nor a readily recognizable risk.  ECF No. 54 at 16–17.  Both

9   arguments are unavailing.  While true that the Third Amended Complaint alleges

10  that other assaults had taken place on Greek Islands' account, the creation of the

11  payroll account was a separate, new access point for the theft of the $432,500.

12  ECF No. 52 at 6, ¶ 4.4.  And the Third Amended Complaint demonstrates that

13  thieves had either accessed or had attempted to access other third-party accounts,

14  making the criminal conduct alleged not unforeseeable to Zenefits.  *Id*. at 10, ¶

15  4.10; *see Washburn v. City of Fed. Way*, 178 Wn.2d 732, 757 (2013) (citing

16  *Bernethy v. Walt Failor's, Inc*., 97 Wash.2d 929, 934 (1982) ("Criminal conduct is,

17  however, not unforeseeable per se.").  For the purposes of a Motion to Dismiss,

18  Plaintiff Greek Islands has alleged a sufficient claim for negligence arising out of

19  an affirmative act by Defendant Zenefits that placed its bank account in a state of

20  peril that was both new to the situation and fairly recognizable.  *See Twombly*, 550

1  U.S. at 127 (2007) (quoting Fed. R. Civ. P. Rule 8).

2  **IV.    Washington Consumer Protection Act**

3  Zenefits renews it attack against Greek Islands' Washington Consumer

4  Protection Act ("CPA") claim.  The Washington Consumer Protection Act

5  ("CPA") prohibits "[u]nfair methods of competition and unfair or deceptive acts or

6  practices in the conduct of any trade or commerce."  RCW 19.86.020.  To prevail

7  on a CPA claim, a plaintiff must prove an (1) unfair or deceptive act or practice;

8  (2) occurring in trade or commerce; (3) a public interest impact; (4) injury to

9  plaintiff in his or her business or property; [and] (5) causation." *Klem v*

10 *Washington Mut. Bank*, 176 Wash. 2d 771, 782 (2013) (quoting *Hangman Ridge*

11 *Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 780 (1986)).

12 "Failure to satisfy even one of the elements is fatal to a CPA claim." *Sorrel v.*

13 *Eagle Healthcare, Inc.*, 110 Wash.App. 290, 298 (2002) (citing *Hangman Ridge*,

14 105 Wash.2d at 793).

15 Defendant Zenefits again challenges only Greek Islands' ability to satisfy

16 the public interest element of the *Hangman Ridge* test.  When a claim for violation

17 of the CPA is not rooted in a statute with an expressed legislative declaration of

18 public interest impact (a *per se* violation), a plaintiff must satisfy the first three

19 elements of the *Hangman Ridge* test.  *Haner v. Quincy Farm Chemicals, Inc.*, 97

20 Wn.2d 753, 762 (1982).  Ordinarily, a court is tasked with first determining

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
YOURPEOPLE INC.'S MOTION TO DISMISS ~ 10

1    whether the transaction involved was "consumer" or "private" in nature, as each

2    carry different factors to determine a public interest impact.  *Hangman Ridge*, 105

3    Wn.2d at 789–91.  Greek Islands insists that either public impact test articulated in

4    *Hangman Ridge* has been superseded by RCW 19.86.093, whereby the legislature

5    clarified that a plaintiff may establish that an alleged unfair or deceptive act or

6    practice is injurious to the public interest because it:

> (1) Violates a statute that incorporates this chapter;

7

> (2) Violates a statute that contains a specific legislative declaration of public interest impact; or

8

9

> (3) (a) Injured other persons; (b) had the capacity to injure other persons; or (c) has the capacity to injure other persons.

10

11    RCW 19.86.093.

12         Greek Islands argues that the RCW 19.86.093(3) is now the operative test

13    and that the Third Amended Complaint has demonstrated that Greek Islands and

14    other third parties have been injured by Zenefits' conduct, thereby satisfying the

15    public interest impact requirement.  ECF No. 56 at 10.  However, Washington

16    courts have not abandoned the individual public interest tests as set forth in

17    *Hangman Ridge* when analyzed under RCW 19.86.093(3).  *See Rush v. Blackburn*,

18    190 Wn. App. 945, 976–78 (2015); *Trujillo v. Nw. Tr. Servs., Inc.*, 183 Wash. 2d

19    820, 835 (2015); *Rhodes v. Rains*, 195 Wn. App. 235, 247–48 (2016); *Spokeo, Inc.*

20    *v. Whitepages, Inc.*, 12 Wn. App. 2d 1076 (2020).  As a result, the Court is still not

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
YOURPEOPLE INC.'S MOTION TO DISMISS ~ 11

1    presented with the consensus of which test to apply to this matter.  *See* ECF No. 48

2    at 17.

3        If the Court were to accept, as Greek Islands previously argued it should,

4    that this dispute was private in nature, then its claim should fail.  In a private

5    dispute, a plaintiff must demonstrate (1) that the alleged acts were committed in

6    the course of defendant's business (2) that the defendant advertise to the public in

7    general (3) that the defendant actively solicited the plaintiff, indicating potential

8    solicitation of others and (4) that the plaintiff and defendant occupy unequal

9    bargaining positions.  *Hangman Ridge*, 105 Wn.2d at 790–91.  Plaintiff's Third

10    Amended Complaint is silent on the factors two, three, and four.

11        If the Court were to consider this matter a consumer transaction, it would

12    analyze (1) that the alleged acts were committed in the course of defendant's

13    business (2) that the acts are part of a pattern or generalized course of conduct (3)

14    that defendant repeated acts committed prior to the act involving plaintiff (4) that

15    there is a real and substantial potential for repetition of defendant's conduct after

16    the act involving plaintiff and (5) that if the act complained of involved a single

17    transaction, many consumers were affected or will likely be affected by it.  *Id*. at

18    790.

19        When considering the Third Amended Complaint in the light most favorable

20    to Plaintiff, there is arguably support for factors one, two, three, and four.  As to

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
YOURPEOPLE INC.'S MOTION TO DISMISS ~ 12

factor one and two, Plaintiff Greek Islands argues that Defendant Zenefits business operation violates the CPA due to its ongoing practice of failing to verify its customers information before onboarding a payroll account.  ECF No. 52 at 9, ¶ 4.9.  Greek Islands alleges, albeit vaguely, that this conduct has occurred before with other potential customers of Zenefits and has likely occurred after.  *Id*. at 11, ¶ 4.11.  To place a finer point, Greek Islands now alleges, as to factor three or four, that another instance of Zenefits' product was used to commit fraud on a separate bank account around the same time as the Greek Islands' theft.  *Id*. at 10, ¶ 4.10.

However, none of the public interest impact factors are dispositive, and a plaintiff need not establish all of them.  *Michael v. Mosquera-Lacy*, 165 Wash. 2d 595, 605 (2009).  In fact, "the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion," is what, "changes a factual pattern from a private dispute to one that affects the public interest."  *Hangman Ridge*, 105 Wn.2d at 791.  Regardless of whether this dispute is consumer or private in nature, the Third Amended Complaint alleges that others have experienced loss in a similar way, "a bad actor used stolen account info to fund payroll."  ECF No. 52 at 10.  While this connection is not particularly strong, for the purpose of a Rule 12(b)(6) Motion, the Court accepts the factual allegations as supporting a cognizable legal theory that others were affected by the same conduct as suffered by Greek Islands.  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

    1. Defendant YourPeople Inc.'s Motion to Dismiss (ECF No. 54) is **GRANTED in part and DENIED in part.**

    2. Plaintiff Greek Islands' claim of conversion against Defendant YourPeople Inc. is **DISMISSED with prejudice**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

    DATED January 6, 2025.



                THOMAS O. RICE
            United States District Judge